Filed 3/1/22  Valdivia v. The Ticket Clinic CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LUIS VALDIVIA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THE TICKET CLINIC, A Professional Law Corporation, <br><br> Defendant and Respondent. | B310699 <br><br> (Los Angeles County Super. Ct. No. BC651238) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

Medvei Law Group and Sebastian M. Medvei for Plaintiff and Appellant.

Sherman Law Corporation and Lisa Sherman for Defendant and Respondent.

————————————

Plaintiff Luis Valdivia (Valdivia) appeals from a summary judgment in favor of defendant The Ticket Clinic, A Professional Law Corporation (Ticket Clinic). Valdivia, a former employee of the Ticket Clinic, alleged that his former employer failed to comply with its legal obligations to provide accurate wage statements and pay wages. The trial court, after reviewing the wage statements and other evidence, granted summary judgment. Valdivia raises a variety of arguments for each cause of action but has not demonstrated any triable issue of material fact. Accordingly, we affirm.

## BACKGROUND

The Ticket Clinic, a firm that focuses on defending traffic tickets, hired Valdivia, a traffic ticket defense attorney, in January 2016. The Ticket Clinic terminated Valdivia's employment in December 2016.

On February 23, 2017, Valdivia filed a complaint against the Ticket Clinic, alleging five causes of action relating to his wages, wage statements and termination. On December 6, 2018, the Ticket Clinic filed a motion for summary judgment. On January 31, 2019, Valdivia voluntarily dismissed his first cause of action for wrongful termination in violation of public policy. This dismissal left standing Valdivia's four other causes of action: (1) failure to furnish timely and accurate wage statements; (2) failure to make payment within the required time; (3) unfair competition; and (4) breach of an oral contract. These four causes of action became the subject of the trial court's summary judgment ruling and are at issue on appeal.

On December 8, 2020, the trial court issued a tentative ruling granting summary judgment. Valdivia and the Ticket

2

Clinic submitted on the court's tentative without oral argument. The court adopted its tentative granting summary judgment.

The court entered judgment in favor of the Ticket Clinic on January 8, 2021. Valdivia timely filed his notice of appeal on January 27, 2021.

## DISCUSSION

Valdivia argues that the court incorrectly granted summary judgment, asserting multiple arguments for each cause of action. We examine Valdivia's arguments below.

## I.    Standard of review

Summary judgment is properly granted if all the papers submitted show no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) A defendant meets the initial burden by showing that one or more essential elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (Code Civ. Proc., § 437c, subd. (*o*); *Aguilar*, at p. 849; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) If the defendant makes this showing, the burden shifts to the plaintiff to demonstrate that a triable issue of fact exists. (*Aguilar*, at p. 849.)

We review a trial court's ruling granting summary judgment de novo, liberally construing the nonmoving party's evidence while strictly scrutinizing the moving party's showing. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 273; *Saelzler v. Advanced Group 400, supra*, 25 Cal.4th at pp. 768–769.) " ' "We begin by identifying the issues framed by the pleadings since it is these allegations to which the motion must respond." ' " (*Stokes v. Baker* (2019) 35 Cal.App.5th 946, 956;

3

*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 931.) The "complaint limits the issues to be addressed at the motion for summary judgment." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258.)

## II. The trial court correctly found no triable issue of material fact on the claim for failure to furnish wage statements

In his second cause of action, Valdivia asserted that the Ticket Clinic violated Labor Code[1] section 226 by failing to furnish timely and accurate wage statements. Valdivia alleged that during his employment, he "was never presented with an itemized statement in writing, showing: (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which [Valdivia] was paid, (7) the name of the employee and last four digits of social security number, (8) the name and address of the legal entity that was [Valdivia's] employer, and (9) hourly rates in effect during the pay period. This is a violation of section 226 of the Labor Code."

The trial court concluded that the undisputed evidence established that the wage statements—copies of which were submitted in support of the summary judgment motion—complied with the statutory requirements. The court noted that the Ticket Clinic furnished these statements to Valdivia electronically through an experienced payroll company. In addition, the court found that Valdivia had no evidence that the Ticket Clinic violated section 226, subdivision (a) "knowingly and

---

[1] All undesignated statutory references are to the Labor Code.

intentionally" as the statute requires.  Accordingly, the court ruled against Valdivia on this cause of action.

Valdivia raises three arguments asserting that the trial court erred in connection with Valdivia's claim for failure to furnish wage statements.  First, Valdivia argues that the Ticket Clinic's use of an online payroll system that made wage statements electronically available violated section 226.  Valdivia concedes that he has no authority for this proposition.

Section 226, subdivision (a) states that an "employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing" showing the types of information about wages that Valdivia asserted in his complaint had not been provided.  " 'Furnish' means to 'provide with what is needed,' or to 'supply' or 'give.'  (Merriam-Webster's Collegiate Dict. (10th ed. 1993) p. 474, col. 1.)"  (*Canales v. Wells Fargo Bank, N.A.* (2018) 23 Cal.App.5th 1262, 1270 [discussing section 226, subd. (a)].)  Apart from specifying that the wage statement must be a detachable part of the check, "section 226 describes no other specific means by which an employer is to furnish the itemized statement to an employee."  (*Ibid.*)

Subdivision (a) of section 226 nowhere states that an employer must send an employee a hard copy of the wage statement or provide it by any other specified means.  The Department of Industrial Relations's Division of Labor Standards has long allowed employers to comply with section 226, subdivision (a) by making electronic wage statements available to employees so long as these statements can be easily accessed and

converted to hard copy at no expense, and the employee retains the right to receive a paper record.  Here, the Ticket Clinic, through a professional third-party service, had a system in which its employees who elected to receive payments by direct deposit were automatically enrolled for electronic delivery of itemized wage statements unless they requested paper copies.  Valdivia never requested paper statements or made any other requests with respect to his wage statements.  Valdivia has identified nothing about this system that violates the statute.[2]

Second, Valdivia argues that he was misclassified as an "exempt" employee, and there were triable issues of fact as to whether the wage statements contained sufficient information for non-exempt employees.  Valdivia, however, does not explain or develop this argument and does not provide supporting legal authorities.  " 'The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  Valdivia has not preserved this argument for appeal.

Moreover, Valdivia waived this argument in the trial court. " 'It is axiomatic that arguments not raised in the trial court are forfeited on appeal.' " (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074.)  Valdivia did not mention any

---

[2] Because Valdivia has not demonstrated any triable issue of material fact about whether the electronic payroll system violated section 226 subdivision (a), we need not reach the trial court's alternative ground:  that even assuming a violation relating to the payroll system, Valdivia has not shown triable issues of fact about whether the violation was "knowing and intentional."  We discuss the issue of intentionality only with respect to Valdivia's final paycheck.

6

allegation about his non-exempt status in his complaint. In his summary judgment opposition, Valdivia argued—contrary to his appellate argument—that whether he "was misclassified as exempt is immaterial in the context of the claims being brought by [Valdivia] against [the Ticket Clinic] in this lawsuit." Valdivia cannot assert an argument he previously disclaimed.

Third, Valdivia argues that that the Ticket Clinic refused to provide Valdivia with a hard copy itemized wage statement for his final paycheck, which was provided to him at his request as a hard check. Thus, according to Valdivia, the Ticket Clinic violated in this instance the requirement to provide the wage statement "as a detachable part of the check." (§ 226, subd. (a).) However, Valdivia has a damage claim against the Ticket Clinic for a violation of subdivision (a) of section 226 only for injury "as a result of a knowing and intentional failure by an employer to comply." (§ 226, subd. (e)(1).) A " 'knowing and intentional failure' does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake." (§ 226, subd. (e)(3); see *Wilner v. Manpower, Inc.* (N.D.Cal. 2014) 35 F. Supp.3d 1116, 1130 [interpreting the " 'knowing and intentional' " term as requiring something other than the violation itself].)

Here, the Ticket Clinic met its initial burden of showing that this error was a clerical mistake and not a "knowing and intentional" failure. The Ticket Clinic prepared a hard copy check on short notice at Valdivia's request, after an in-person altercation between Valdivia and the Ticket Clinic's chief executive officer. The Ticket Clinic presented evidence that its employee who created the check had just recently taken over payroll and was still learning to prepare manual checks. She

7

forgot to include the manual payment detail and a copy of the electronic itemized wage statement that one time. She did not believe she was violating any wage and hour laws. Moreover, the preparation of the final check did automatically generate an electronic version of the wage statement in the third party payroll service. Valdivia has not adduced any facts showing that this error was anything other than an isolated and unintentional incident. Accordingly, this argument provides no grounds for reversal.[3]

## III. The trial court correctly found no triable issue of material fact on the claim for failure to pay wages

The third cause of action asserted failure to make payment within the required time under Labor Code Section 203. It alleged that Valdivia was "due and owing wages" and that the Ticket Clinic "willfully refused to pay [Valdivia] these wages on the date of [Valdivia]'s termination. The trial court ruled against Valdivia on this claim because the Ticket Clinic demonstrated that it paid Valdivia all his ordinary wages except for the final severance payment, which was alleged to be due only as a result of an oral contract.

On appeal, Valdivia argues that severance pay should be considered wages to be enforced based on the chief executive

---

[3] Valdivia's papers also contain scattered complaints about the wage statements not listing accrued sick leave. Valdivia has not explained or supported an argument about sick leave and has thus waived the issue. (*Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956.) Moreover, as the trial court noted, Valdivia failed to allege this claim in his complaint. Sick leave is not even a subject of section 226, the basis for Valdivia's cause of action.

officer's promise. Because we agree with the trial court that there was no binding agreement to pay severance, as explained below, we need not determine whether any such severance payment would have been considered wages.

Valdivia also asserts that he was denied sick pay. Valdivia did not allege this in his complaint and the trial court therefore properly refused to consider it. (*California Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 637, fn. 3 [party may not oppose summary judgment motion based on claim not alleged in pleadings].) Moreover, except for a citation to wage statements generally, Valdivia does not provide any record citations showing he was in fact owed but denied sick leave. An argument without appropriate record citations may be deemed waived. (*Lonely Maiden Productions, LLC v. Golden Tree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) Valdivia has not preserved this issue for appeal.

## IV. The trial court correctly found no triable issue of material fact on the claim for unfair competition

The fourth cause of action asserted unfair competition. It alleged that the Ticket Clinic has engaged in "an unfair act by withholding wages due [Valdivia]" and "in unlawful acts through conduct, including, but not limited to, violating the labor laws of the State of California." Valdivia sought an injunction under Business and Professions Code section 17203, a section of the Unfair Competition Law (UCL).[4]

---

[4] Business and Professions Code section 17203 provides: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as

The trial court ruled against Valdivia on this claim because he "failed to meet his burden to show a triable issue of fact as to whether [the Ticket Clinic] violated Labor Code section 226[, subdivision] (a) or section 203. Accordingly, [Valdivia]'s UCL claim, which is derivative of those violations, must also fail." Because we agree that Valdivia has failed to meet his burden with respect to those predicate claims, we agree that he has failed to meet his claim for injunctive relief under the UCL.

Moreover, with respect to the one unintentional violation of section 226, subdivision (a) by failing to print out a hard copy wage statement for Valdivia's last check, Valdivia has not made any showing that the past act is a continuing problem. Injunctive relief under the UCL is not appropriate if there is no " 'reasonable probability that the past acts complained of will recur.' " (*Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 702.) The issues relating to Valdivia's final paycheck are not a proper basis for injunctive relief.

Valdivia complains that the trial court's decision ignored an alleged right he has under section 226, subdivision (h), which provides for injunctive relief in the context of section 226. The problem for Valdivia is that nowhere does his complaint seek relief under section 226, subdivision (h). A "plaintiff cannot bring up new, unpleaded issues in his or her opposing papers." (*Government Employees Ins. Co. v. Superior Court* (2000)

---

may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

10

79 Cal.App.4th 95, 98, fn. 4.) The trial court correctly ruled against Valdivia as to the injunctive relief claim.

## V. The trial court correctly found no triable issue of material fact on the claim for breach of oral contract

Valdivia's fifth cause of action alleged that Valdivia and the Ticket Clinic "had an oral agreement for the payment of wages in addition to [Valdivia]'s last paycheck, in exchange for [Valdivia] coming in at a later date after his termination to pick up his check," that Valdivia "fulfilled his obligations under the contract by appearing to pick up the check" and that the Ticket Clinic "failed to pay the amount promised."

The trial court ruled against Valdivia on this claim, stating, "Still, while not addressed by either party, the [c]ourt must conclude that no oral contract was formed because there was no underlying consideration for . . . severance pay. As such, the offer of severance merely constituted a *gift*." The court relied on *Dow v. River Farms Co.* (1952) 110 Cal.App.2d 403 (*Dow*), which held that a promise to make a gift for past services was not legally enforceable. The court concluded that because Valdivia had not provided evidence that showed any detriment by Valdivia or other consideration, the alleged promise was not enforceable.

Valdivia raises two arguments about this ruling, one procedural and one substantive. We examine each in turn.

Valdivia argues that it was error for the trial court to grant summary judgment on a legal theory that neither party pleaded, proved, or argued. Valdivia, however, did not raise this objection before the trial court. The trial court gave him an opportunity to do so: it issued a tentative opinion that stated with clarity that "while not addressed by either party," the court was ruling on

11

this basis.  Without objecting, asking for additional briefing, or seeking a chance to submit additional evidence, Valdivia submitted on the tentative.  An appellate court will not consider an alleged procedural defect when it could have been, but was not, presented to the trial court.  (*In re Carrie W.* (2003) 110 Cal.App.4th 746, 755.)  To the extent Valdivia believed it was procedurally improper for the court to rule on this ground, he should have raised the issue before submitting.

Moreover, even on appeal Valdivia does not argue about the facts but about their legal effect.  "Even if the grounds entitling the moving party to a summary judgment were not asserted in the trial court, we must affirm if the parties have had an adequate opportunity to address those grounds on appeal." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181; accord, *Johnson v. United Cerebral Palsy/Spastic Children's Foundation* (2009) 173 Cal.App.4th 740, 754 [court must affirm any applicable legal ground even if raised first on appeal].)  Here, the trial court considered the issue and Valdivia fully briefed it on appeal.

On the merits, Valdivia argues that the promise made at the time of Valdivia's termination by the Ticket Clinic's chief executive officer was a promise for severance pay, and that severance pay is legally enforceable without regard to consideration.  Notably, Valdivia does not discuss in either of his briefs *Dow*, *supra*, 110 Cal.App.2d 403, the case on which the trial court relied.

We agree that *Dow*, *supra*, 110 Cal.App.2d 403 and general contract principles support the trial court's ruling.  In *Dow*, a company's board of directors decided to provide a $50,000 payment to the president upon his retirement.  (*Id.* at p. 404.)  It

12

was undisputed that the president was not otherwise entitled to this amount under his employment contract. When his widow attempted to enforce this promise, the Court of Appeal rejected the claim, ruling that it was not "an offer to contract at all—it was simply a promise to make a gift," and "as such, was unenforceable." (*Id.* at p. 408.) To similar effect is *Passante v. McWilliam* (1997) 53 Cal.App.4th 1240, where an attorney arranged a loan for a company which, glad for the loan, then said it would give the attorney three percent interest in the company. (*Id.* at p. 1248.) Relying on *Dow*, the appellate court ruled that since all lawyer's services were in the past, the promise was not supported by consideration and therefore unenforceable. (*Passante*, at pp. 1248–1249.)

Here, the following facts are undisputed. Valdivia was not entitled to severance payments under the general terms of his existing employment agreement. On the morning of December 14, 2016, the chief executive officer of the Ticket Clinic spoke to Valdivia by phone and terminated him for economic reasons. The chief executive officer then said that the company would pay Valdivia for the last two weeks in December. At an in-person meeting later that day, the chief executive officer and Valdivia got into an altercation about Valdivia's final check. The chief executive officer then said to Valdivia about the two-week payment words to this effect, "I don't have to give you this. I'm doing this to be nice. I don't owe you this. I don't owe you anything[.] I don't have to pay you anything." He continued talking in that vein and used an expletive. The Ticket Clinic did not pay for the final two weeks.

Here, as in *Dow* and *Passante*, the Ticket Clinic's chief executive officer made a promise to pay money not otherwise

13

owed to Valdivia after all Valdivia's services had already been rendered.  In the chief executive's words, he offered the additional money "to be nice."  This is not the ordinary case of severance pay that was part of the employment package from the start, or that was offered in exchange for a release of liability or some other consideration.  Valdivia has submitted no evidence that he offered or did anything in exchange for the promise of two additional weeks' pay.[5]  Nor has Valdivia cited any cases in which severance pay was enforceable even when it was promised after services were over and for no consideration.

The case of *Chapin v. Fairchild Camera etc. Corp.* (1973) 31 Cal.App.3d 192, relied upon by Valdivia, does not help his argument.  *Chapin* was a case in which consideration was not an issue and was never in doubt.  In *Chapin*, employees of a division of Fairchild enjoyed traditional severance benefits as part of their compensation package under company policies.  (*Id.* at pp. 195, 197.)  The issue in *Chapin* was whether those severance benefits continued to be binding after a second company purchased a business division and retained Fairchild personnel.  (*Id.* at p. 195.)  The appellate court  decided that the sale by Fairchild was a "layoff" and thus Fairchild remained responsible for the severance benefits.  (*Id.* at pp. 197–198.)

Valdivia relies on a statement in *Chapin v. Fairchild Camera etc. Corp.*, *supra*, 31 Cal.App.3d at pages 198 to 199, that separation pay "is a kind of accumulated compensation for past

---

[5] Valdivia's complaint alleges that the Ticket Clinic promised him two weeks' salary in exchange for him picking up his check "at a later date."  But Valdivia submitted no evidence to support this allegation during the summary judgment proceedings and did not argue this point in his appellate briefs.

14

services and a material recognition of their past value. [Citation.]  It concerns the past, not the future, and once it is earned, it becomes payable no matter what may thereafter happen."  The appellate court  made this statement in the context of severance obligations that were part-and-parcel of the employee's compensation rights from the start of their employment, and thus had been earned and could not thereafter be nullified by a sale.  (*Ibid.*)  This is nothing like the current case, where severance payment was not part of Valdivia's general compensation package, and the chief executive officer made a gratuitous statement that he would pay an additional two weeks' salary after Valdivia had already been terminated.

Here, Valdivia has presented no facts that there was any consideration for the promise to pay an additional two weeks' wages.  Accordingly, as in *Dow* and *Passante*, there was no enforceable contract.  The trial court properly ruled against Valdivia on this claim.

**DISPOSITION**

The judgment is affirmed. The Ticket Clinic is awarded its costs on appeal.

NOT TO BE PUBLISHED.

LIPNER, J.*

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16